Not Recommended for Publication or Citation

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 08-CV-090-JBC

BERNARD W. SAVOY                                              PETITIONER

VS:              **MEMORANDUM OPINION AND ORDER**

STEPHEN M. DEWALT, Warden                                     RESPONDENT

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

This matter is ripe for a decision, the Respondent now having filed a Response to the instant Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

BACKGROUND

Bernard W. Savoy, a/k/a Bernard W. Savoy-El, who is currently confined at the Federal Medical Center, in Lexington, Kentucky, brought this habeas proceeding *pro se.* He claims that the Bureau of Prisons ("BOP") has wrongly calculated his sentence to deny him certain prior custody credits toward his sentence. After screening the petition, the Court issued an Order summarizing the factual allegations upon which Savoy's claim is based:

> Petitioner was apparently in a Baltimore jail in the custody of the Parole Board of the State of Maryland on July 11, 2003, when he was "borrowed" to appear in the Superior Court of the District of Columbia for entry of a guilty plea on the charge of Attempted Distribution of Cocaine. *United States v. Bernard Savoy-El*, Criminal Case No. 2001 FEL 3157. Two months later, on September 10, 2003, he was sentenced to 5 years' imprisonment. After the sentencing, Petitioner was returned to

> Maryland's custody to complete his State obligation. On August 17, 2004, he was released from that sentence and began service of his 5-year D.C. sentence.
>
> An attached portion of the transcript of the July 11, 2003, plea hearing reveals that Petitioner's counsel moved for Savoy to be held in D.C. on a $1,000 cash bond until his scheduled September 10, 200[3], sentencing. As a part of this motion, the attorney stated, "And also, of course, if there is any jail time imposed, so as a possibility that he be getting credit from this point forward." The Court granted this motion.
>
> According to the Petitioner, however, under the BOP's computation, his sentence did not begin to run until the August 17, 2004, date when he was surrendered to the BOP, and the BOP has refused to give him any credit for custody before that date. He claims that this is a violation of due process and essentially deprives him of effective assistance of the counsel who made the motions on his behalf so as to get the credit.

Record No. 4 at 2-3. In the same Order, the Court also traced the Petitioner's unsuccessful efforts to obtain credit toward his D.C. sentence for the time spent in custody from his guilty plea in D.C. Superior Court, on July 11, 2003, until he was surrendered to the BOP for service of the D.C. sentence, on August 17, 2004.

Savoy first brought a Motion to vacate or correct his sentence in the D.C. trial Court. That court denied relief on the ground that it lacked subject-matter jurisdiction, because Savoy was challenging the BOP's computation of his sentence, not its imposition. Therefore, the court advised, his recourse was to petition the Federal BOP for a writ of habeas corpus. Instead, however, the Petitioner tried a letter-writing crusade, which also proved disappointing.

Eventually, Petitioner took the advice of the D.C. Court and began pursuit of the prior custody credits through the BOP's administrative remedy process, specifically

2

requesting what is called a *nunc pro tunc* designation and citing to *Barden v. Keohane*, 921 F.2d 476 (3rd Cir. 1990). However, this effort also proved unfruitful, if not confusing, the responses from the BOP Regional Director and its National Office putting forth two different rationales and results. Upon exhaustion of that process, Savoy filed the instant habeas proceeding seeking prior custody credits for two periods of time, from the (a) dates that he was "borrowed" from Maryland to go to the D.C. Superior Court until his sentencing in that court, *i.e.*, from July 11, 2003, to September 10, 2003; and (b) time that he spent serving the Maryland sentence, from his return to Maryland's custody after sentencing on September 10, 2003, to August 17, 2004, when Maryland released him to the BOP to begin serving his D.C. sentence.

## RESPONSE

In its Response to the Petition, the BOP begins with the facts of Petitioner's crime and imprisonment and points out that his projected release date is December 9, 2008. As to the facts and the governing policies, the Respondent relies on the attached declaration of Forest B. Kelly, who works at the BOP's Designation and Sentence Computation Center ("DSCC") in Texas, and describes himself as a specialist for computing the sentences of inmates incarcerated by the BOP, including inmates with District of Columbia sentences generally and Bernard Savoy in particular.

It is the BOP's position that Petitioner was in the primary custody of the State of Maryland at the time that he went to the D.C. Superior Court, via a writ of habeas corpus *ad prosequendum*, the means by which a prisoner is "borrowed" to appear in

another court without destroying the primary custody of the first state. Therefore, for the July 11, 2003, to September 10, 2003, time period, he remained in Maryland's primary custody, and he was clearly in Maryland custody again from September 10, 2003 to August 17, 2004, time which he spent serving the Maryland sentence.

However, the government argues, because Maryland granted Savoy credit toward the Maryland sentence for all of the time at issue here, Petitioner was not entitled to have the credits count a second time toward another jurisdiction's sentence, under D.C. law, Title 23, D.C. Code ("D.C.C.") Section 23-112, and under BOP policy, Program Statement ("P.S.") 5880.32. Additionally, the Respondent contends that *nunc pro tunc* designations under P.S. 5160.05, to which Petitioner points, are not available to persons serving D.C. Code sentences – only U.S. Code offenders.

One day after the filing of the Response herein, the Petitioner submitted a self-styled "Motion for Default of Respondent's Response to Court Order," wherein he asks that his allegations be taken as true and that the court grant his petition. He has filed nothing else in the intervening month.

## DISCUSSION

With Respondent's attached exhibits and no contradiction from the Petitioner, the Court finds that the State of Maryland granted Savoy credit toward its sentence for all of the time at issue in this case. Therefore, the Court examines the authority relied upon by the parties to Respondent to see whether Savoy is entitled to credit for the same time toward his D.C. Code sentence.

First, the Respondent is correct that Title 23, D.C. Code, Section 23-112, provides that if the D.C. judgment is silent as to running its sentence concurrent with any other sentence, then the sentences must be run consecutively. Since Savoy's D.C. judgment and sentence did not provide for concurrent sentences, *i.e.*, was silent, the BOP was and is not able to credit any of the time spent in Maryland's custody toward Petitioner's D.C. sentence. To do so would have been a breach of D.C. law.

The BOP's instructions in P.S. 5880.32, <u>District of Columbia Sentence Computation Manual</u>, reflect the same governing principle. That BOP policy provides that an inmate who has finished a sentence in the jurisdiction with primary custody cannot receive any of that time credited toward his or her D.C. sentence "unless the prisoner receives no credit for that period of time from the jurisdiction that has primary custody." *Id*. As Petitioner Savoy received credit toward his Maryland sentence for both periods of time at issue here, the result is that the BOP cannot credit the same time toward the D.C. sentence.

The conflict between responses of the BOP's Regional Director and the National Administrator of Inmate Appeals may have given rise to Petitioner's expectation of receiving the *nunc pro tunc* designation which he has requested here. The Regional Director wrote that Petitioner's *nunc pro tunc* request had been forwarded to the DSCC for consideration "in accordance with Bureau of Prisons Program Statement 5160.05, <u>Designation of State Institution for Service of Federal Sentence</u>."

However, it is the response from the National Office, the BOP's last level of appeal, which contained the position of the BOP in this proceeding and which

5

produced the final administrative result denying Savoy the prior custody credits. As the National Administrator explained, *Barden v. Keohane* and P.S. 5160.05 are "only applicable to United States Code sentences, and do[ ] not apply to D.C. Code sentences." Instead, the BOP's calculation of Savoy's sentence had to be and was "calculated as required by judicial precedent, statute, and Program Statement 5880.32, District of Columbia Sentence Computation Manual."

P.S. 5880.32 governs the calculation of D.C. sentences which are being served in the BOP's custody. Those who are hoping to serve a D.C. sentence and another jurisdiction's sentence concurrently, such as the instant Petitioner, are governed by that portion of P.S. 5880.32, which reads, "If the prisoner was in custody under the jurisdiction of a superior court writ of habeas corpus ad prosequendum from non-federal custody at the time of imposition of sentence and the court was silent, the sentence will run consecutively to the non-federal charge or sentence."

Therefore, for those serving D.C. Code sentences, BOP officials have no obligation, in fact, no reason, to check with the D.C. sentencing judge about any intent to run a sentence concurrently; nor is there any basis for a D.C. Code prisoner to apply for a *nunc pro tunc* designation under *Barden* and P,S. 5160.05. D.C. prisoners, including Petitioner Savoy, are simply ineligible for the relief requested.

Accordingly, the Court having concluded that the Petitioner is not entitled to the relief sought herein, **IT IS ORDERED** as follows:

(1) Petitioner Bernard W. Savoy's Petition for Writ of Habeas Corpus is **DENIED;**

    (2)    Petitioner Savoy's Motion for Default [Record No. 18] is **DENIED** as moot; and

    (3)    this action shall be **DISMISSED**, and a contemporaneous Judgment shall be entered in favor of the Respondent.

Signed on  June 15, 2008



JENNIFER B. COFFMAN, CHIEF JUDGE  
UNITED STATES DISTRICT COURT  
EASTERN DISTRICT OF KENTUCY